## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATHAN J. STURDIVANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action 08-0063 (EGS) |
| | ) | |
| PETE GEREN | ) | |
| Secretary of the Army, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO TRANSFER

Defendant Pete Geren, Secretary of the Army, in his official capacity, through the undersigned counsel, respectfully moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue.[1]  In the alternative, Defendant moves this Court to transfer Plaintiff's case to the Eastern District of Virginia pursuant to 42 U.S.C. 2000e-5(f)(3).

---

[1] Plaintiff, pro se, is hereby advised that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case.  See Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988).  Plaintiff should further take notice that any factual assertions contained in the affidavits and other attachments in support of Defendant's motion may be accepted by the Court as true unless Plaintiff submits his own affidavits or other documentary evidence contradicting the assertions in Defendant's attachments.  See Neal v. Kelly, 963 F.2d 453, 457 (D.C. Cir. 1992), Local Civil Rule 7(h), and Fed. R. Civ. P. 56(e).

Respectfully submitted,


_____/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s_____
RUDOLPH CONTRERAS D.C. Bar #  434122
Assistant United States Attorney


_____/s_____
BRIAN C. BALDRATE
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895

Of Counsel:
Captain Dan E. Stigall
U.S. Army Litigation Division
Arlington, VA 22203-1837

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATHAN J. STURDIVANT, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Civil Action 08-0063 (EGS)** |
| | ) |
| PETE GEREN | ) |
| Secretary of the Army, | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS,**
**OR IN THE ALTERNATIVE, MOTION TO TRANSFER**

Defendant, Pete Geren, Secretary of the Army, in his official capacity and through the undersigned counsel, respectfully moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue. In the alternative, Defendant moves this Court to transfer Plaintiff's case to the Eastern District of Virginia.[2]

## I. INTRODUCTION

Plaintiff, pro se, filed this lawsuit on September 28, 2007, in the Eastern District of Virginia (EDVA) alleging violations of Title VII of the Civil Rights Act of 1964. (Compl., ¶ 1.) No other cause of action was alleged in the Complaint other than allegations under Title VII. Shortly thereafter, on October 23, 2007, Plaintiff filed a Motion for Change of Venue, requesting that the case be transferred to the District of Columbia (Motion to Transfer, Ex. 1.) Plaintiff

---

[2] The issue of venue and where, and if, this case will be heard is a preliminary matter. Therefore, in the interest of judicial economy, this motion addresses only this critical gateway issue warranting dismissal or transfer. However, should the Court deny this motion, Defendant anticipates filing a more comprehensive pre-answer motion seeking dismissal of part, if not all, of the Complaint on various alternate grounds.

indicated that the case needed to be transferred to the District of Columbia as he had never been to Virginia, did not have family or resources in Virginia, and could only prepare for his case in the District of Columbia.  (Id.)  On November 19, 2007, U.S. District Judge Beach Smith of the Eastern District of Virginia, granted Plaintiff's request to transfer venue to the District of Columbia before Defendant answered, moved, or otherwise replied.  (EDVA Docket Report, Ex. 2.)  While not obvious from the Complaint, venue of Plaintiff's Title VII claim does not lie in the District of Columbia.  Upon transfer to the District of Columbia, Judge Walton issued a stay directing Plaintiff to provide the Court with a right to sue letter within 30 days demonstrating a final determination of plaintiff's EEO charge. (R.3, Order, (1/14/08).)  Plaintiff submitted a letter and the stay was lifted and the case was reasssigned to this Court. (R.6, (2/19/08).)

## II.  FACTS

On October 19, 2005, Plaintiff was hired as a NF-1702-3 Child and Youth Program Associate for a homework lab on a U.S. Army installation in Kaiserslautern, Germany. (EEOC Decision, Ex. 3 at 3.)[3]  This was a part-time, non-appropriated funds position where Plaintiff's job was to assist students with their homework.  (Id.) Almost immediately after Plaintiff began work, the Army began receiving complaints about Plaintiff from parents of children and fellow

---

[3] Plaintiff's Complaint references his employment with the Army and various alleged adverse actions taken by the Army, but does not specifically reference the location of his employment or these actions.  Therefore the government cites to the EEOC decision to clarify Plaintiff's work location and the alleged adverse actions referenced in Plaintiff's Complaint.  See Wagener v. SBC Pension Benefit Plan, 407 F.3d 395, 397 (D.C. Cir 2005) (noting that a court can refer to "exhibits attached to, and the documents incorporated by reference in, the complaint."); Vanover v. Hantman, 77 F. Supp. 2d 91, 98 (D.D.C. 1999), aff'd, 38 Fed. App'x 4 (D.C. Cir. 2002) ("[W]here a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment.") (citing Greenberg v. The Life Ins. Co. of Va., 177 F.3d 507, 514 (6th Cir. 1999)).

staff members.  (Id.) These problems continued over the course of several months (Id.) As a result of these various problems, on March 17, 2006, the Army placed Plaintiff on administrative leave (Id. at 4); (Compl, ¶ 3.)  On June 23, 2006, the Army returned Plaintiff to work in a new office under different supervision.  (Ex. 3 at 3). Nonetheless, he continued to exhibit problems including frequent absences from work. (Id.)  In January 2007, results of Plaintiff's background check came back revealing unfavorable information.  Accordingly, Plaintiff was separated from federal employment on January 12, 2007. (Compl, ¶ 4); (Notice of Termination, Ex. 4.)

## III.  ARGUMENT

## 1.    THE COURT SHOULD DISMISS PLAINTIFF'S TITLE VII CLAIM, OR IN THE ALTERNATIVE, TRANSFER THAT CLAIM FOR IMPROPER VENUE.

### A.    Standard of Review.

28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or it if it be in the interest of justice, transfer such case to any district in which it could have been brought."  "At the motion to dismiss stage, counseled complaints, as well as pro se complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." Settles v. U.S. Parole Comm'n, 429 F.3d 1098, 1106 (D.C. Cir. 2005). On a motion to dismiss for improper venue under Rule 12(b)(3), the court accepts as true the plaintiff's well-pled allegations and draws all reasonable inferences from those allegations in plaintiff's favor, although the court need not accept plaintiff's alleged legal conclusions as true.  Darby v. Department of Energy, 231 F. Supp.2d 274, 276 (D.D.C. 2002).  In a Title VII claim a court should be mindful that the statutory scheme behind Title VII cases indicates that venue properly

lies in those jurisdictions concerned with the alleged discrimination.  <u>Stebbins v. State Farm</u>
<u>Mutual Automobile Insurance Co</u>., 413 F.2d 1100, 1102-03 (D.C.Cir. 1969), *cert. denied,* 396
U.S. 895 (1969).

      In the present case alleging Title VII discrimination venue is governed by 42 U.S.C. §
2000e-5(f).  42 U.S.C. § 2000e-5(f) limits venue to the location of the acts, records, or positions
on which the complaint is based, if the defendants can be found there.  42 U.S.C. § 2000e-5(f)(3)
provides:

> [A Title VII] action may be brought in any judicial district in the State in which
> the unlawful employment practice is alleged to have been committed, in the
> judicial district in which the employment records relevant to such practice are
> maintained and administered, or in the judicial district in which the aggrieved
> person would have worked but for the alleged unlawful employment practice, but
> if the respondent is not found within any such district, such an action may be
> brought within the judicial district in which the respondent has his principal
> office.

Under this provision, a Title VII plaintiff must bring an employment discrimination complaint in
one of the judicial districts identified under the first three options if the respondent can be
"found" in that district.  Only if the respondent cannot be found in any such district may the
plaintiff file suit within the district in which the respondent has its principal office.  <u>See</u>
<u>Shipkovitz v. Mosbacher</u>, 1991 WL 251864 (D.D.C. 1991), <u>aff'd</u>, 1992 WL 394489 (D.C. Cir.
1992) (a plaintiff may file in district where defendants make its headquarters if he cannot file
where actions occurred, where records are kept, or where he would have worked).  As the Court
has explained, Congress intended to limit venue in Title VII cases to those jurisdictions
concerned with the alleged discrimination, and the venue determination must be based on a
"commonsense appraisal" of how the events in question arose.  <u>Spencer v. Rumsfeld</u>, 209

4

F.Supp.2d. 15, 17-19 (D.D.C. 2002); <u>see also</u> <u>Stebbins v. State Farm Mutual Auto., Ins. Co.</u>, 413 F. 2d 1100, 1102 (D.C. Cir. 1969), <u>cert. denied</u>, 396 U.S. 895 (1969); <u>Hayes v. RCA Service Co.</u>, 546 F. Supp. 661, 663 (D.D.C. 1982).

### B.     Venue Is Improper in the District of Columbia.

Venue in the District of Columbia (or any other judicial district except the Eastern District of Virginia) is improper under the statutory standard enumerated above.  First, Plaintiff makes no allegations that any of the alleged employment actions took place in the District of Columbia.  In fact, all of the conduct alleged –and Plaintiff's place of employment – is in the Federal Republic of Germany. (Motion to Transfer, Ex 1);(EEOC Decision, Ex. 3.)  Plaintiff does not allege that any government records were maintained in the District of Columbia and Defendant maintains that none of his employment records were maintained in the District of Columbia.  Plaintiff's Complaint is silent as to the location of the Army's employment records. However, an affidavit from the U.S. Army Equal Employment Manager for Heidelberg, Germany, states that Plainitff's records are maintained in the Federal Republic of Germany (Affidavit of Bonnie Ballard, Ex. 5.)  Third, Plaintiff presents no factual support nor makes any assertions that his place of employment, but for the alleged unlawful acts, would be in the District of Columbia.  To the contrary, Plaintiff  worked for the U.S. Army in the Federal Republic of Germany since 2005. (Ex 3 at 3.)  At the time of his Motion to Transfer, Plaintiff was still living in the Federal Republic of Germany (Motion to Transfer, Ex. 1 at 1.) There is no allegation that, but for unlawful discrimination, Plaintiff would have been employed anywhere within the District of Columbia.  Thus, under Title VII's venue provisions, no basis exists to contend that venue is proper in the District of Columbia.

42 U.S.C. § 2000e-5(f)(3) provides "if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office."  The principal office of the Secretary of the Army is in the Pentagon, which is located in Arlington, Virginia, not in the District of Columbia, (notwithstanding a Washington, D.C. mailing address).  See Saran v. Harvey, 2005 U.S. Dist. LEXIS 8908 (D.D.C. 2005); Brewer v. Eng., 2003 U.S. Dist. LEXIS 17276 (D.D.C. 2003) (citing Monk v. Secretary of the Navy, 793 F.2d 364, 369, n.1 (D.C. Cir. 1986)); Donnell v. National Guard Bureau, 568 F. Supp. 93, 94-95 (D.D.C. 1983).  Where a plaintiff has filed an action in the wrong venue, 28 U.S.C. § 1406(a) directs that the court "shall dismiss, or if it be in the interest of justice, transfer such case" to the proper venue.

**C.      Defendant Has Not Waived its Challenge to Venue**

This Circuit has held that the defense of improper venue can be waived unless the defense is asserted by a pre-answer motion, a responsive pleading, or a timely amendment thereto.  See Chatman-Bey v. Thornburgh, 864 F.2d 804, 813 (D.C. Cir. 1988) citing Fed. R. Civ. P. 12(h)(1); C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 1388 (1969). For purposes of Title VII, this Court has held that the Government does not waive the right to challenge venue where a motion for change of venue is filed in lieu of an answer.  In  Turbeville v. Casey, 525 F. Supp. 1070, (D.D.C. 1981), this Court stated  "defendants have raised the issue of improper venue timely, by filing a motion to dismiss or to transfer on that ground in lieu of an answer. As such, defendants have not waived their right to challenge the venue of this action." Turbeville, 525 F. Supp. at 1072 .   Similarly, in this instance Defendant has properly challenged venue by filing this motion to dismiss in lieu of an answer. See also Brumley v. Dole, 1994 U.S.

6

Dist. LEXIS 21569 (E.D. Ark. Oct. 14, 1994) (avoiding concerns about sovereign immunity by transferring venue even though "defendants have not challenged venue in this case and therefore have waived any objection to venue, [because] venue is improper for plaintiff's Title VII claim.").

The procedural history of this case is complicated by the fact that Plaintiff's Complaint does not set forth where the alleged unlawful employment practice was committed, where the relevant employment records were maintained, or where the aggrieved person would have worked but for the alleged discrimination. (Compl.) It is further complicated because Plaintiff moved to "transfer" his case to this Court because he "was misinformed about whether he could file his complaints in . . . the district of columbia." (Motion to Transfer, Ex. 1, at 1.) Plaintiff made this motion to transfer his own complaint before Defendant's answer was due and before Defendant in fact filed an answer. (EDVA Docket Report, Ex. 2.). Accordingly, the District Court for the Eastern District of Virginia had no evidence indicating that Plaintiff's transfer request to the District of Columbia was improper when it issued the order granting Plaintiff's change of venue before Defendant filed its responsive pleading. Only after reading the exhibits accompanying this motion in lieu of Defendant's answer does it become clear that the only possible venue for Plaintiff's case is the Eastern District of Virginia, a location where Plaintiff initially filed his Complaint. and then alleged he could not maintain his suit. (Motion to Transfer, Ex. 1, at 1.) Plaintiff's Title VII claims arising from his employment in Germany must be re-transferred to the Eastern District of Virginia, or it should be dismissed.

## IV.  **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Court grant

Defendant's Motion and dismiss Plaintiff's Complaint or re-transfer it to the District of

Columbia.

Respectfully submitted,

_____/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s_____
RUDOLPH CONTRERAS D.C. Bar #  434122
Assistant United States Attorney


_____/s_____
BRIAN C. BALDRATE
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895

Of Counsel:
Captain Dan E. Stigall
U.S. Army Litigation Division
Arlington, VA 22203-1837

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by First-Class mail, postage

prepaid to:

NATHAN STURDIVANT
CMR 467
P.O. Box 5827
No. 49-1752881059
APO, AE 09096

on this _____ day of March, 2008.

_____/s_____

BRIAN C. BALDRATE
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895

Exhibit 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**OFFICE OF THE CLERK**
Walter E. Hoffman U. S. Courthouse
600 Granby Street
Norfolk Virginia 23510

```
FILED

OCT 23 2007

CLERK, U.S. DISTRICT COURT
NORFOLK, VA
```

October 16, 2007

**Motion to transfer case or change venue**

To the office of the Civil Section of the Clerk's Office:

Please accept this motion to transfer case 1:07cv967 to the federal District Courthouse in Washington D.C. (District of Columbia). I was misinformed about whether I could file my complaints in the federal courts in the District of Columbia. I had no legal counselors to assist me in these matters as yet. But I recently discovered I can file these complaints in the federal courts in Washington D.C. (District of Columbia).

Unfortunately, I have never been to Virginia nor do I have family or resources there. I can only best prepare myself to address these matters in the District of Columbia. I have family and other resources there that will assist me in these matters.

I am currently in Germany preparing to relocate to the states. The grievances in this case have cost me and my children the financial ability to relocate to the states under the same condition and manner in which I first arrived in Europe to assist and serve the military. The Department of the Army actions has hampered me financially. I recently discovered unlawful and inappropriate actions were wedged against me by the Department of the Army and I shall file new charges in the federal court in Washington D.C. (District of Columbia). The new claims are related but supersede claims filed in the Eastern District court of Virginia.

1

I would be at a financial disadvantage to pursue claims in the state of Virginia, particularly if I have to relocate there from a foreign country. I humbly plea to the Eastern District federal court of Virginia by whatever process necessary to transfer case number 1:07cv967 to the federal court in Washington D.C. (District of Columbia). Thank you for your sincere cooperation.

Sincerely,

Nathan Sturdivant

FILED

NOV 1 9 2007

1:07cv967

MOTION GRANTED.
Entered this 19th day of Nov. 2007

Rebecca Beach Smith
United States District Judge

2

Exhibit 2

CLOSED

# U.S. District Court
## Eastern District of Virginia (Alexandria)
### CIVIL DOCKET FOR CASE #: 1:07-cv-00967-RBS-TCB

Sturdivant v. Department of the Army
Assigned to: District Judge Rebecca Beach Smith
Referred to: Magistrate Judge Theresa Carroll Buchanan
Demand: $150,000
Cause: 28:1331 Fed. Question: Employment Discrimination

Date Filed: 09/27/2007
Date Terminated: 11/19/2007
Jury Demand: None
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Nathan Sturdivant**

represented by **Nathan Sturdivant**
CMR 467 Box 5827
APO, AE 009096
PRO SE

**Defendant**

**Department of the Army**

represented by **Dennis Carl Barghaan, Jr.**
United States Attorney's Office
2100 Jamieson Ave
Alexandria, VA 22314
(703)299-3700
Email: dennis.barghaan@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/24/2007 | 1 | MOTION for Leave to Proceed in forma pauperis by Nathan Sturdivant. (Attachments: # 1 Exhibit 1# 2 Civil Cover Sheet)(vwar, ) (Entered: 09/26/2007) |
| 09/27/2007 | 2 | ORDER granting 1 Motion for Leave to Proceed in forma pauperis; directing clerk to issue summons and have U.S. Marshal serve copy of complaint on defendant. Signed by Judge Rebecca Beach Smith and filed on 9/27/07. (vwar, ) (Entered: 09/28/2007) |
| 09/27/2007 | 3 | COMPLAINT against Department of the Army, filed by Nathan Sturdivant.(vwar, ) (Entered: 09/28/2007) |
| 09/28/2007 | 4 | Summons Issued as to Department of the Army, U.S. Attorney and U.S. Attorney General, with judge's info and mag. notice and delivered to U.S. Marshal for service. (vwar, ) (Entered: 09/28/2007) |
| 10/23/2007 | 5 | MOTION to Transfer Case or Change Venue by Nathan Sturdivant. (Attachments: # 1 Envelope)(vwar, ) (Entered: 10/23/2007) |

| 11/05/2007 | 6 | SUMMONS Returned Executed as to Department of the Army served on 10/29/2007. (pmil) (Entered: 11/09/2007) |
| 11/05/2007 | 7 | SUMMONS Returned Executed as to US Attorney for Department of the Army served on 10/29/2007, answer due 12/28/2007. (pmil) (Entered: 11/09/2007) |
| 11/05/2007 | 8 | SUMMONS Returned Executed as to the US Attorney General 10/29/07 for Department of the Army (pmil) (Entered: 11/09/2007) |
| 11/13/2007 | 9 | Certificate of Reporting Service by US Atty as to Department of the Army received 11/02/07. (pmil) (Entered: 11/16/2007) |
| 11/19/2007 | 10 | ORDER granting 5 Motion to Transfer Case to the District of Columbia. Signed by Judge Rebecca Beach Smith and filed on 11/19/07, Copies mailed to plaintiff and defendant 11/20/07. (vwar, ) (Entered: 11/20/2007) |
| 12/04/2007 | 11 | SUMMONS Returned Executed as to Attorney General 10/29/07 (pmil) Modified on 12/6/2007 to correct party name (pmil). (Entered: 12/06/2007) |
| 12/04/2007 | 12 | SUMMONS Returned Executed as to U.S. Attorney 10/29/07 (pmil) (Entered: 12/06/2007) |
| 12/04/2007 | 13 | SUMMONS Returned Executed as to Secretary of the Army 10/29/07 (pmil) (Entered: 12/06/2007) |

| PACER Service Center | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 02/21/2008 17:42:18 | | |
| **PACER Login:** | du2319 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:07-cv-00967-RBS-TCB |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

Exhibit 3

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
**Washington Field Office**
**1801 L Street, N.W., Suite 100**
**Washington, D.C. 20507**

| | |
|---|---|
| Nathan Sturdivant,<br>　　Complainant, | ) EEOC No. 570-2007-00401X<br>) Agency No. AREUHEID06MAR01121 |
| v. | ) |
| Dr. Frances J. Harvey,<br>Secretary,<br>U.S. Department of the Army,<br>　　Agency. | ) |
| | ) Date: August 15, 2007 |

## DECISION

This Decision is issued pursuant to 29 C.F.R. § 1614.109(g) (2006). This office issued an Acknowledgment Order on May 4, 2007. I sent a Notice of Summary Judgment to the parties on July 30, 2007. The Agency filed its Agency Motion for Summary Judgment on July 17, 2007 (Agency Motion).[1] Complainant failed to file a reply to the Agency's Motion for Summary Judgment Motion.

## ISSUE

The issue is whether the Agency harassed and discriminated against Complainant because of his race (Afro/Black), sex (male) and retaliation when:

1. On March 2, 2006, Ms. Tricia Bolyard (White/Caucasian female) Training and Program Specialist, Directorate of School Age Services (SAS), informed him that the incentive programs he had implemented for the children had been changed;

---

[1] The Agency mailed and filed its Summary Judgment Motion prior to my issuing the Notice of Summary Judgment. The Agency's Motion is therefore deemed to have satisfied and superceded the requirement(s) of the Notice. Since the Agency filed its Motion in keeping with the requirements in the Acknowledgment Order, the controlling time frame for Complainant's Reply is the fifteen (15) days found in Section VII of that document.

2. On January 12, 2006, Mr. Dowain Geesey (White male) Director of SAS, assigned Ms. Jennifer C. Sweet (White/Caucasian female), Child and Youth program Associate (homework lab), to serve as the Lead Associate in the homework lab;

3. On August 8, 2006, Ms. Laura Roberts issued him a request for medical information;

4. On July 13, 2006, Ms. Roberts counseled him regarding his absence and leave procedures for the CDC; and

5. On July 13, 2006, Ms. Roberts deliberately endangered his health by requesting that he report to work as the CDC was short-staffed.[2]

*Investigation File ("IF") at 1-2.*

I find that the investigative record has been adequately developed, there are no genuine issues of material fact, and I have no need to make findings of fact or credibility. Both parties had the opportunity to engage in discovery. Complainant was given ample notice of the Agency's motion for summary judgment, the Agency provided a comprehensive statement of the allegedly undisputed facts, and Complaint had the opportunity to respond to the Agency's motion. *Petty, Jr. v. Department of Defense*, EEOC Appeal No. 01A24206 (July 11, 2003); see also *Murphy v. Department of the Army*, EEOC Appeal No. 01A04099 (July 11, 2003).

Complainant has satisfied the procedural prerequisites for a hearing, but the evidence does not warrant one. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). I find that the Complainant has not shown that there are any issues requiring a hearing and therefore issue summary judgment in favor of the Agency.

---

[2] The following claims were dismissed by the Agency:

1. On 17 March 2006, you were discriminated against when you believed you were suspended an hour and a half after informing Mr. Geesey that you filed a complaint of discrimination with EEO headquarters in Washington D.C. Subsequently you were informed that you were placed in an administrative leave status due to a complaint regarding your off-duty behavior.

2. On 16 May 2006, you were discriminated against when Mr. Geesey issued you a Notice of Proposed Separation for Cause.

The Complainant also sought to amend his complaint untimely by adding the following claim, which the Agency opposed (See Agency's Comment on Dismissed Issues, dated June 6, 2007, and Agency's Opposition to Complainant's Amendment and Consolidation of Complaint, dated June 6, 2007):

1. On January 12, 2007, the Complainant was separated from his employment for unsuitability/disqualification, as a result of a background check revealing negative information.

Complainant's request to reinstate the dismissed issues and to amend his complaint are hereby DENIED. Nonetheless, the dismissed issues and the proposed amendment were addressed in the Agency's motion as if they were properly part of this claim.

## COMPREHENSIVE STATEMENT OF FACTS

There is no material dispute regarding the following facts, which are fully documented in the Investigative File (IF) and Transcript of the fact finding conference (TR).

The Complainant was hired as a Child and Youth Program Associate, home work lab, NF-1702-03, with the U.S. Army Garrison, Heidelberg, in Kaiserslautern, Germany, on October 19, 2005. This was a part-time, non-appropriated fund position. (IF 160). In this capacity he assisted school children with their homework, using approved child guidance and youth development techniques ( IF 163-164). The Complainant's first line supervisor was Ms. Lynn Olive, and his second line supervisor was Mr. Dowain Geesey.

Problems with the Complainant began almost immediately. In December 2005, a comment card was written by a parent stating the Complainant did nothing when a child complained another child had hurt her. Ms. Olive spoke with the Complainant, and provided training to the entire staff (IF 38-42). In January 2006, the Complainant made a suggestion at a staff meeting about staff rotations. When the suggestion was not supported, he became agitated, disruptive and aggressive. Mr. Geesey was forced to bring the meeting under control by forcefully telling the Complainant the subject was closed. Three staff members expressed their concerns about the Complainant to Mr. Geesey based upon his actions at this meeting (IF 203).

Also beginning in January 2006, the Complainant disturbed other staff members by not following the established point system for rewarding children in the homework lab. He was told to conform to the system but refused to do so. When Ms. Jennifer Sweet returned to the workplace from her maternity leave (November 2, 2005- January 10, 2006), the Complainant was told she would be the lead homework lab associate. Ms. Sweet had been employed in the homework lab prior to the Complainant, had worked at SAS since 2004, and was familiar with the established point system. Ms. Sweet was not the Complainant's supervisor, but her designation as lead gave her some authority over the running of the homework lab. The Complainant objected to her designation as lead, stating that she was a female, too young, and did not have a degree, as he did. Likewise, he refused instruction from Ms. Bolyard, Training Coordinator, stating that he had degrees and would not accept her authority in the area of training (IF 194).

Another incident arose in January 2006 when a child claimed to have sustained a head injury. The Complainant did not want to write a report, because he did not believe the child. When confronted about his failure to report, the Complainant made inappropriate comments to the child that he should not tell lies and cause paperwork. He was counseled verbally for this behavior. (IF 36).

In February 2006, another employee, Mr. Bailey, informed Mr. Geesey that the Complainant told him that white men should not be allowed to work with children, and that the

-3-

Complainant stated he knew of 68 children who had been molested by white men. Mr. Bailey told the Complainant he thought the remarks were racist, and he did not like them. The Complainant laughed. When Mr. Geesey counseled the Complainant, he seemed not to understand the seriousness of his action, stating that he was just joking, and that he did know 68 children who had been molested by white men (IF 47-48).

In March 2006, the Complainant's problems with other staff members continued over the point system for rewarding the children for their homework. The Complainant continued to disagree with Ms. Sweet over the point system, and took the matter to Ms. Bolyard. Ms. Bolyard showed the Complainant the Boys and Girl's clubs of America (BGCA) guidelines for the program and explained that they followed that system because the funding for the program came from the BGCA. The Complainant continued to argue, stating that Ms. Sweet should be his secretary and he should be in control, and that the point system in place was stupid. Mr. Geesey intervened and told the Complainant that she was the lead in the homework lab, and that his attitude was causing conflict with several staff members. The Complainant replied that he did not care who complained as long as it was not the "black staff." He went on to make comments about the "lynch mob" mentality of the administration of SAS, and to state that other members of the "black staff" would agree (IF 196-199).

On March 3, 2006, Complainant and a parent arrived in Mr. Geesey's office arguing because the parent believed the Complainant should have written a report about another child hurting his child. The Complainant had only written up the complaint by the other child, finding him more credible. The Complainant was counseled to write up all reported incidents, whether he had seen or believed them or not. This was the second time he had been so counseled (IF 50).

Based on the forgoing, Mr. Geesey lost confidence in the Complainant and his suitability for the position. Mr. Geesey contacted the Civilian Personnel Advisory Center (CPAC) and requested guidance on terminating his employment. He placed the Complainant on administrative leave on 17 March 2007, at no loss of pay, pending a determination from CPAC (IF 64). Originally, Mr. Geesey used the wrong term in notifying the Complainant of his administrative leave status, calling it a paid suspension. This was rectified in a follow-on memo (IF 55 and 56). That same day, Mr. Geesey was informed that the Community Commander in Kaiserslautern had received complaints from the German utility company that the Complainant had threatened and insulted a number of their employees (IF 57-58). It was eventually determined by CPAC that the work related issues did not merit a proposed termination, but that the off-duty misconduct with local nationals did (IF 64). The Complainant's termination was proposed, and he was accorded his right to reply and appeal to the Deciding Official, next higher level of management (IF 84-85).

On June 20, 2007, the Deciding Official gave the Complainant the benefit of the doubt, and he was informed that he should return to work (IF 91-92). On June 21, the Complainant called Mr. Duday, Mr. Geesey's supervisor, and asked to be placed into a different position, due to his difficulties at his old office (IF 64). On July 22, the Complainant was told he could be

moved to a different office, and that he should report to the new office on June 23rd. The Complainant did so, in-processed, and met with his new supervisors, Ms. Laura Roberts (white female), first line, and Mr. Aubrey McCaster (black male) second line (IF 212-213).

The Complainant also reported for work on Monday, the 26th of June, but did not show up for work on the 27th. On the 29th of June, Ms. Roberts received a call from the Complainant stating that he was going to undergo a medical procedure, and would be absent for about 5 days. She told the Complainant he would need to provide medical documentation, and he agreed to do so (TR 124, IF 214)). The Complainant's absence continued, however, and no medical information was provided (IF 216-217). Due to this extended, unsupported absence, Ms. Roberts asked the CPAC for guidance, and was given a memorandum, which explained to the Complainant leave requesting procedures and medical documentation requirements, informing him of his responsibility in this regard, and the potential consequences of his failure to do so (IF 219).

On or about July 12, 2007, Ms. Roberts spoke with the Complainant on the telephone, and informed him that they were very short staffed, and if he were able, he should report to work. The Complainant agreed and reported to work on the 13th of July. The Complainant carried out his duties with no apparent difficulty, and Ms. Roberts gave him the memorandum regarding his absences (IF 221).

Other than the 13th of July, the Complainant never returned to work nor did he provide the requested medical documentation. On July 17, 2006, the date he agreed to provide further medical documentation, a woman claiming to be his fiancé called Mr. McCaster and stated that the Complainant was in the hospital. She had no further information (IF 223). On August 8, 2006, Ms. Roberts received a note from a doctor stating only that the Complainant had been seen on the 24th of July, and that surgery was recommended. At the bottom of the note the Complainant had written "I need indefinite sick leave" (TR 125-128, IF 225). Given the inadequacy of this note to justify absences both previous and prospective, Ms. Roberts again contacted CPAC for guidance, and issued him a memorandum "Request for Medical Information" on August 8, 2006 (IF pp 227-228, 235). On September 1, 2006, Mr. McCaster received a U.S. Department of labor form WH 380, stating that the Complainant had knee problems, but gave no indication the Complainant was, or ever had been , incapacitated to perform the duties of his position (IF 237-240).[3]

---

[3]The Comprehensive Statement of Facts is taken from the Agency's Summary Judgment Motion at

# ANALYSIS

Absent direct evidence of discrimination, the Complainant in a Title VII case must carry the initial burden under the statute of establishing a *prima facie* case of discrimination. The burden of establishing a *prima facie* case is not onerous. To establish a *prima facie* case of disparate treatment, a Complainant may demonstrate that he/she was treated less favorably than a similarly situated employee outside his/her protected group. *Furnco Constr. Corp. v. Waters*, 438 U.S. 567 (1978). Absent comparative data, Complainant may also establish a *prima facie* case by setting forth sufficient evidence to create an inference of discrimination. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981), n. 6; *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973).

If Complainant establishes a *prima facie* case of discrimination, the burden then is on the Agency to articulate a legitimate, nondiscriminatory reason for its challenged actions. *Burdine*, 450 U.S. at 252-54; *McDonnell Douglas Corp.* 411 U.S. at 802. If the Agency does so, the *prima facie* inference drops from the case. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507, 510-11 (1993). Complainant then has to prove by a preponderance of the evidence that the proffered explanation is a pretext for unlawful discrimination. *Hicks*, 509 U.S. at 511; *Burdine*, 450 U.S. at 252-53; *McDonnell Douglas*, 411 U.S. at 804. Complainant always retains the ultimate burden of persuading the trier of fact that the agency unlawfully discriminated against her. *Hicks*, 509 U.S. at 511; *United States Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983).

The Agency Motion correctly points out that Complainant failed to establish a *prima facie* case of discrimination regarding any of his alleged issues. Agency Motion at 5-8. The Complainant has not produced any evidence of discrimination. There is nothing in the record that indicates that any of management's actions were motivated by the Complainant's membership in a protected class other than the Complainant's unsupported assertions. In this case, the Complainant has failed to establish even a *prima facie* case of discrimination on any issue.

Furthermore, in all cases in which management took any actions with respect to the Complainant, they were able to provide legitimate, non-discriminatory reasons for their actions, which the Complainant has not demonstrated are pretextual. In appropriate circumstances, when the Agency has established legitimate, non-discriminatory reasons for its conduct, the trier of fact may dispense with the *prima facie* inquiry and proceed to the ultimate stage of analysis, *i.e.* whether the Complainant has proven by preponderant evidence that the Agency's actions were motivated by discrimination. *Aikens*, 460 U.S. 711, 713-714 (1983); *Hernandez v Dep't of Transportation*, EEOC Request No. 05900467 (June 8, 1990); *Washington v Dep't of the Navy*, EEOC petition No. 03900056 (May 31, 1990).

I find that the Agency's Motion for Summary Judgment correctly states the material facts and applicable legal standards. There are no *genuine* issues of *material* fact or credibility that require resolution at a hearing. Summary judgment in favor of the Agency is therefore appropriate for the

-6-

reasons stated in the Agency's motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

Complainant has failed to set forth adequate material evidentiary facts that support his allegations of discrimination. Conclusory assertions that the agency's intention and motivation are questionable are not enough to withstand a summary judgment motion. *Greene v Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999.); *Goldberg v. Green & Co.*, 836 F.2d 845, 848 (4th Cir. 1987); *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365(4th Cir. 1985).

After a careful review of the sworn witness statements and the documentary evidence in the ROI, I find that the totality of the record fails to sustain Complainant's claim that he was discriminated against. Accordingly, the Agency's Motion for Summary Judgment is hereby **GRANTED**.

**Varice F. Henry**
**Administrative Judge**

-7-

## NOTICE

This is a decision by an Equal Employment Opportunity Commission Administrative Judge issued pursuant to 29 C.F.R. § 1614.109(b), 109(g) or 109(I). **With the exception detailed below, the complainant may not appeal to the Commission directly from this decision.** EEOC regulations require the Agency to take final action on the complaint by issuing a final order notifying the complainant whether or not the Agency will fully implement this decision within forty (40) calendar days of receipt of the hearing file and this decision. The complainant may appeal to the Commission within thirty (30) calendar days of receipt of the Agency's final order. The complainant may file an appeal whether the Agency decides to fully implement this decision or not.

The Agency's final order shall also contain notice of the complainant's right to appeal to the Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for such appeal or lawsuit. If the final order does not fully implement this decision, the Agency must also simultaneously file an appeal to the Commission in accordance with 29 C.F.R. § 1614.403, and append a copy of the appeal to the final order. A copy of EEOC Form 573 must be attached. A copy of the final order shall also be provided by the Agency to the Administrative Judge.

If the Agency has *not* issued its final order within forty (40) calendar days of its receipt of the hearing file and this decision, the complainant may file an appeal to the Commission directly from this decision. In this event, a copy of the Administrative Judge's decision should be attached to the appeal. The complainant should furnish a copy of the appeal to the Agency at the same time it is filed with the Commission, and should certify to the Commission the date and method by which such service was made on the Agency.

All appeals to the Commission must be filed by mail, personal delivery or facsimile to the following address:

> Director
> Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 19848
> Washington, D.C. 20036
> Facsimile (202) 663-7022

Facsimile transmissions over 10 pages will not be accepted.

## COMPLIANCE WITH AN AGENCY FINAL ACTION

An Agency's final action that has not been the subject of an appeal to the Commission or civil action is binding on the Agency. *See* 29 C.F.R. § 1614.504. If the complainant believes that the Agency has failed to comply with the terms of its final action, the complainant shall notify the

Agency's EEO Director, in writing, of the alleged noncompliance within thirty (30) calendar days of when the complainant knew or should have known of the alleged noncompliance. The Agency shall resolve the matter and respond to the complainant in writing. If the complainant is not satisfied with the Agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination of whether the Agency has complied with the terms of its final action. The complainant may file such an appeal within thirty (30) calendar days of receipt of the Agency's determination or, in the event that the Agency fails to respond, at least thirty-five (35) calendar days after complainant has served the Agency with the allegations of noncompliance. A copy of the appeal must be served on the Agency, and the Agency may submit a response to the Commission within thirty (30) calendar days of receiving the notice of appeal.

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### WASHINGTON FIELD OFFICE
1801 L Street, N.W., Suite 100
Washington, D.C. 20507

| | |
|---|---|
| Nathan Sturdivant,<br>　　Complainant,<br><br>　　　　　　v.<br><br>Dr. Frances J. Harvey,<br>Secretary,<br>U.S. Department of the Army,<br>　　Agency. | ) EEOC No. 570-2007-00401X<br>) Agency No. AREUHEID06MAR01121<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Date: August 15, 2007 |

### ORDER ENTERING JUDGMENT

For the reasons set forth in the enclosed Decision judgment in the above-captioned matter is hereby entered. A Notice to the Parties explaining their appeal rights is attached to the Decision.

This office will hold the report of investigation for sixty days, during which time the agency may arrange for its retrieval by calling (202) 419-0719. If we do not hear from the agency within sixty days, we will destroy our copy of these materials.

For timeliness purposes it shall be presumed that the parties received the foregoing Decision within five (5) business days after the date they were sent via first class mail.

It is so ORDERED.

Varice Tou Henry
Administrative Judge
(202) 419-0717
(202) 419-0701

Exhibit 4



**DEPARTMENT OF THE ARMY**
**UNITED STATES ARMY GARRISON, HEIDELBERG**
UNIT 29237
APO AE 09102

IMEU-HES-MWC

MEMORANDUM FOR Mr. Nathan Sturdivant, CMR 467, Box 5827, APO AE 09096

SUBJECT:  Notice of Decision - Separation for Disqualification

1.  Reference IMEU-HES-MWC memorandum dated 29 November 2006, subject: Notice of Proposed Separation for Disqualification, which you received on 5 December 2006, advising you of the proposal to separation you due to disqualification in accordance with Army Regulation (AR) 215-3, Nonappropriated Funds (NAF) Personnel Policy, Paragraph 2-16i(7). You replied to the proposal notice on 15 December 2006. This memorandum is to advise you that in accordance with AR 215-3, chapter 7, I have decided to separate you for disqualification effective 12 January 2006. The attached Department of the Army (DA) Form 3434, Notification of Personnel Action, effects your separation from nonappropriated fund employment. This action is non punitive in nature and does not reflect on your conduct as an employee.

2.  The reasons for my decision are outlined below:

BACKGROUND:
You began working as a Child and Youth Program Associate at the United States Army Garrison Heidelberg (USAG-H) School Age Services (SAS) on 19 October 2005. As part of your pre-employment package, you completed a Standard Form 85P, Office of Personnel Management Public Trust Position Application and signed it on 6 September 2005. The investigation was completed on 7 September 2006 and revealed unfavorable information.  Conditions of employment in a Child and Youth Program position include satisfactory completion of preemployment checks and favorable adjudication of background checks. This was noted on your DA Form 3434 that was effective 19 October 2006 – the day you began work with USAG-H, SAS.

On 16 November 2006, the Program Review Board met to review this information, and afford you an opportunity to respond to it, which you did.  After considering the information and your response, the Board determined you were not suitable for employment as a Child and Youth Program Associate.  The Commander, USAG-H, concurred in this decision.

3.  In arriving at this decision, I considered AR 608-10, Child Development Services, and AR 215-3, chapter 7. I also reviewed the information used to propose the separation for disqualification which included the Program Review Board's decision. In addition, I reviewed the information you submitted in response to the proposal notice although it arrived in my office after the extended deadline of 0900, Friday, 22 December 2006.  I did not find any information to

IMEU-HES-MWC
Subject: Notice of Decision – Separation for Disqualification

support an action other than that which was proposed. As such, I uphold the proposal to separate you for disqualification.

4. This decision is not grievable. As this action is based on a Program Review Board decision, it is excluded from the grievance process in accordance with AR 215-3, 8-2, which states, in part, "Grievances on these matters will not be accepted...: Any matter that has its own review or appeal procedure stated as part of its regulatory provisions."

5. You are requested to acknowledge receipt of this memorandum by signing and dating below. Your refusal to sign does not void the contents of this memorandum.

CAROL FERGUSON
Director, Morale, Welfare, and Recreation

RECEIPT ACKNOWLEDGED:

_____          _____
SIGNATURE                        DATE

2



7005 0390 0002 7895 6850

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL™**

7005 0390 0002 7895 6850

7005 0390 0002 7895 6850

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

Postage | $
Certified Fee
Return Receipt Fee
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees | $

Postmark
Here

Sent To
NATHAN J. STURDIVANT
Street, Apt. No;
or PO Box No.  CMR 467 Box 5827
City, State, ZIP+4  APO AE 09096

PS Form 3800, June 2002          See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

NATHAN J. STURDIVANT
CMR 467 Box 5827
APO AE 09096

2. Article Number
*(Transfer from service label)*

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                                 ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

# TRANSMITTAL RECORD

For use of this form, see AR 25-50; the proponent agency is DCSPER

| 1. SECURITY CLASSIFICATION | 2. SHIPMENT NO. |
| --- | --- |

| 3. TITLE/FILE IDENTIFICATION | 4. AS OF DATE (YYYYMMDD) | 5. SHIPMENT DATE (YYYYMMDD) |
| --- | --- | --- |
| NOTICE OF DECISION | 2007/01/16 | 2007/01/16 |

| 6. AUTHORITY FOR SHIPMENT | 7. NUMBER OF RECORDS TRANSMITTED |
| --- | --- |

| 8. PERSON TO CONTACT (Name and telephone) | 9. REQUIREMENT CONTROL SYMBOL (AR 335-15) |
| --- | --- |
| MICHAEL A. JONES | |

| 10. SHIPPED FROM | 11. SHIPPED TO |
| --- | --- |
| U.S. ARMY GARRISON HEIDELBERG | USAG HEIDELBERG S-1 |
| ATTN: (IMEU-HEI-MW) | |
| UNIT 29237 | |
| APO AE 09102 | |

| 10a. TYPED NAME AND TITLE OF SENDER | 11a. TYPED NAME AND TITLE OF RECIEVER |
| --- | --- |
| MICHAEL A. JONES | Hernandez Radford, Dre |
| | [X] RETURN RECEIPT REQUESTED (When box is checked, sign below and return copy to sender.) |

| 10b. SIGNATURE OF SENDER | 11b. SIGNATURE OF RECIEVER AND DATE |
| --- | --- |
| | 16 Jan 07 |

12. TYPE OF MEDIA TRANSMITTED

| MICROFILM | PHOTO | PUNCHED CARDS | HARD COPY | |
| --- | --- | --- | --- | --- |
| FICHE | CASSETTES | [X] Decision Notice Letter, Nathan Sturdivan | | |

| 13. NUMBER OF BOXES (Packages) | 14. NUMBER OF ITEMS |
| --- | --- |
| | 1 |

15. METHOD OF SHIPMENT

| COURIER | FIRST CLASS | EXPRESS MAIL |
| --- | --- | --- |
| PARCEL POST | REGISTERED | |

16. SPECIAL INSTRUCTIONS

17. TYPE COMPONENT USED (For magnetically recorded data)

18. REMARKS

DA FORM 200, SEP 1998    PREVIOUS EDITIONS ARE OBSOLETE    USAPA V1.03

| REQUEST FOR SPECIAL MAIL SERVICES (USAREUR Reg 25-51) | 1. Date |
| --- | --- |
| | JAN 16 2007 |

This form will be used to record each approval and use of special mail services described in AR 25-51. The activity official mail manager (OMM) will verify the specific authority cited before signing this form (block 10).

| 2. TO  USAG HEIDELBERG | 3. From  USAG HEIDELBERG |
| --- | --- |
| ATTN: Accountable Section Office Mail Distribution | ATTN: (IMEU-HEI-MW) |
| Unit 29237 | UNIT 29237 |
| APO AE 09102 | APO AE 09102-9237 |

| 4. Specific authority for special mail service (cite specific requiring document) | 5. Complete address of receiver (addressee) |
| --- | --- |
| | NATHAN J. STURDIVANT |
| | CMR 467 BOX 5827 |
| | APO AE 09096 |

6. Number of packages and brief description of contents. (This description must correspond to the specific authority cited in block 4.)

NOTICE OF DECISION - Mr. Nathan Sturdivant

**Request the following special mail service.**

7. Special mail services (check one)

☒ Certified
☐ Express

8. Related service (check when applies):
Available only in addition to registered, certified, or express mail.
☒ Return receipt

— Required delivery date (RDD):
— Reason express mail is required:
— Effect on mission if mail is not received by RDD:

☐ Registered
☐ Return receipt for merchandise

**Action by activity OMM**

I understand that special mail services will be limited to those instances specifically required by law, DOD directive, DOD directive as implemented by Army regulation, regulations issued by other Government agencies with which DA must comply in order to carry on its normal business, or an authorization in writing as an exception by HQDA (DAAG-MPP), Washington, DC 23010. AR 25-51 may be used as an authority only for requests that apply Army-wide and are described in paragraphs 2-31 or 2-32. I have verified the specific authority for this special mail service and have personally verified the contents described above.

| 9. Typed name, rank or grade, and telephone number | 10. Signature of activity OMM |
| --- | --- |
| Joseph M. Palermo, GS-12, 370-8000 | |

**Action by installation OMM**

☐ 11. APPROVED
☐ 12. DISAPPROVED  REASON

13. Signature of Installation OMM.

AE FORM 25-51C-R, DEC 95

Exhibit 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

NATHAN STURDIVANT,

     Plaintiff,

v.

PETE GEREN, Secretary of the Army
    Defendant.

## DECLARATION

    My name is Bonnie Ballard .  I am currently the USAG Heidelberg EE Manager .
I have been in this position for two plus years.  In that capacity, I have knowledge of the
EEO complaint records and files on DA employees in the Heidelberg footprint.

    Nathan Sturdivant's EEO complaint records are maintained in this office for two
to four years from the date of filing.

I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct.  (28 U.S.C. § 1746).

Executed on:  November 30, 2007

                                Bonnie J. Ballard
                                USAG Heidelberg EE Manager

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **NATHAN J. STURDIVANT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action 08-0063 (EGS)** |
| | ) |
| **PETE GEREN** | ) |
| **Secretary of the Army,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

### <u>ORDER</u>

This matter comes before the Court on Defendant's Motion to Dismiss Based upon the

motion, the opposition thereto, and the entire record herein, it is this _____ day of

_____, 20___ hereby

ORDERED that Defendants' motion is GRANTED, and it is further

ORDERED that judgment shall be entered for Defendants, and that this matter is

hereby DISMISSED.

SO ORDERED.


_____
EMMET G. SULLIVAN
United States District Judge

Copies to:
Parties via ECF and First Class mail