UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NATHAN J. STURDIVANT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action 08-0063 (EGS) |
| | ) |
| **PETE GEREN** | ) |
| **Secretary of the Army,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## ERRATA

COMES NOW Defendant, through undersigned counsel, to respectfully notify the Court and Plaintiff of a typographical error when filing Defendant's Motion To Dismiss or to Transfer, R #7.

In the Conclusion Defendant's Motion states Defendant "respectfully requests that this Court grant Defendant's Motion and dismiss Plaintiff's Complaint or re-transfer it to the District of Columbia."  (Defense Motion, at 8.) The Conclusion should state that Defendant "respectfully requests that this Court grant Defendant's Motion and dismiss Plaintiff's Complaint or re-transfer it to the Eastern District of Virginia."  A corrected copy of the Motion is attached to this errata.

Respectfully submitted,

        /s
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

        /s
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

        /s
BRIAN C. BALDRATE
Special Assistant United States Attorney
555 Fourth Street, N.W.
Room E4408
Washington, D.C. 20530
(202) 353-9895

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served by First-Class mail, postage prepaid to:

NATHAN STURDIVANT
CMR 467
P.O. Box 5827
No. 49-1752881059
APO, AE 09096

on this _____ day of March, 2008.

                                                    /s
                                      BRIAN C. BALDRATE
                                      Special Assistant United States Attorney
                                      Civil Division
                                      555 Fourth St., N.W.
                                      Washington, D.C. 20530
                                      202-353-9895

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NATHAN J. STURDIVANT,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**PETE GEREN** )<br>**Secretary of the Army,** )<br>)<br>**Defendant.** )<br>_____) | Civil Action 08-0063 (EGS) |

**DEFENDANT'S MOTION TO DISMISS,
OR IN THE ALTERNATIVE, MOTION TO TRANSFER**

Defendant Pete Geren, Secretary of the Army, in his official capacity, through the undersigned counsel, respectfully moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue.[1]  In the alternative, Defendant moves this Court to transfer Plaintiff's case to the Eastern District of Virginia pursuant to 42 U.S.C. 2000e-5(f)(3).

---

[1] Plaintiff, pro se, is hereby advised that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case.  See Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988).  Plaintiff should further take notice that any factual assertions contained in the affidavits and other attachments in support of Defendant's motion may be accepted by the Court as true unless Plaintiff submits his own affidavits or other documentary evidence contradicting the assertions in Defendant's attachments.  See Neal v. Kelly, 963 F.2d 453, 457 (D.C. Cir. 1992), Local Civil Rule 7(h), and Fed. R. Civ. P. 56(e).

        Respectfully submitted,

        _____/s/_____
        JEFFREY A. TAYLOR, D.C. Bar # 498610
        United States Attorney


        _____/s/_____
        RUDOLPH CONTRERAS D.C. Bar #  434122
        Assistant United States Attorney


        _____/s/_____
        BRIAN C. BALDRATE
        Special Assistant United States Attorney
        Civil Division
        555 Fourth St., N.W.
        Washington, D.C. 20530
        202-353-9895

Of Counsel:
Captain Dan E. Stigall
U.S. Army Litigation Division
Arlington, VA 22203-1837

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATHAN J. STURDIVANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action 08-0063 (EGS) |
| | ) |
| PETE GEREN | ) |
| Secretary of the Army, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS,
OR IN THE ALTERNATIVE, MOTION TO TRANSFER

Defendant, Pete Geren, Secretary of the Army, in his official capacity and through the undersigned counsel, respectfully moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue. In the alternative, Defendant moves this Court to transfer Plaintiff's case to the Eastern District of Virginia.[2]

I. INTRODUCTION

Plaintiff, pro se, filed this lawsuit on September 28, 2007, in the Eastern District of Virginia (EDVA) alleging violations of Title VII of the Civil Rights Act of 1964. (Compl., ¶ 1.) No other cause of action was alleged in the Complaint other than allegations under Title VII. Shortly thereafter, on October 23, 2007, Plaintiff filed a Motion for Change of Venue, requesting that the case be transferred to the District of Columbia (Motion to Transfer, Ex. 1.) Plaintiff

---

[2] The issue of venue and where, and if, this case will be heard is a preliminary matter. Therefore, in the interest of judicial economy, this motion addresses only this critical gateway issue warranting dismissal or transfer. However, should the Court deny this motion, Defendant anticipates filing a more comprehensive pre-answer motion seeking dismissal of part, if not all, of the Complaint on various alternate grounds.

indicated that the case needed to be transferred to the District of Columbia as he had never been to Virginia, did not have family or resources in Virginia, and could only prepare for his case in the District of Columbia. (Id.) On November 19, 2007, U.S. District Judge Beach Smith of the Eastern District of Virginia, granted Plaintiff's request to transfer venue to the District of Columbia before Defendant answered, moved, or otherwise replied. (EDVA Docket Report, Ex. 2.) While not obvious from the Complaint, venue of Plaintiff's Title VII claim does not lie in the District of Columbia. Upon transfer to the District of Columbia, Judge Walton issued a stay directing Plaintiff to provide the Court with a right to sue letter within 30 days demonstrating a final determination of plaintiff's EEO charge. (R.3, Order, (1/14/08).) Plaintiff submitted a letter and the stay was lifted and the case was reasssigned to this Court. (R.6, (2/19/08.)

## II.  FACTS

On October 19, 2005, Plaintiff was hired as a NF-1702-3 Child and Youth Program Associate for a homework lab on a U.S. Army installation in Kaiserslautern, Germany. (EEOC Decision, Ex. 3 at 3.)[3]  This was a part-time, non-appropriated funds position where Plaintiff's job was to assist students with their homework. (Id.) Almost immediately after Plaintiff began work, the Army began receiving complaints about Plaintiff from parents of children and fellow

---

[3] Plaintiff's Complaint references his employment with the Army and various alleged adverse actions taken by the Army, but does not specifically reference the location of his employment or these actions. Therefore the government cites to the EEOC decision to clarify Plaintiff's work location and the alleged adverse actions referenced in Plaintiff's Complaint. See Wagener v. SBC Pension Benefit Plan, 407 F.3d 395, 397 (D.C. Cir 2005) (noting that a court can refer to "exhibits attached to, and the documents incorporated by reference in, the complaint."); Vanover v. Hantman, 77 F. Supp. 2d 91, 98 (D.D.C. 1999), aff'd, 38 Fed. App'x 4 (D.C. Cir. 2002) ("[W]here a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment.") (citing Greenberg v. The Life Ins. Co. of Va., 177 F.3d 507, 514 (6th Cir. 1999)).

staff members. (Id.) These problems continued over the course of several months (Id.) As a result of these various problems, on March 17, 2006, the Army placed Plaintiff on administrative leave (Id. at 4); (Compl, ¶ 3.) On June 23, 2006, the Army returned Plaintiff to work in a new office under different supervision. (Ex. 3 at 3). Nonetheless, he continued to exhibit problems including frequent absences from work. (Id.) In January 2007, results of Plaintiff's background check came back revealing unfavorable information. Accordingly, Plaintiff was separated from federal employment on January 12, 2007. (Compl, ¶ 4); (Notice of Termination, Ex. 4.)

### III. ARGUMENT

**1. THE COURT SHOULD DISMISS PLAINTIFF'S TITLE VII CLAIM, OR IN THE ALTERNATIVE, TRANSFER THAT CLAIM FOR IMPROPER VENUE.**

**A.    Standard of Review.**

28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or it if it be in the interest of justice, transfer such case to any district in which it could have been brought." "At the motion to dismiss stage, counseled complaints, as well as pro se complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." Settles v. U.S. Parole Comm'n, 429 F.3d 1098, 1106 (D.C. Cir. 2005). On a motion to dismiss for improper venue under Rule 12(b)(3), the court accepts as true the plaintiff's well-pled allegations and draws all reasonable inferences from those allegations in plaintiff's favor, although the court need not accept plaintiff's alleged legal conclusions as true. Darby v. Department of Energy, 231 F. Supp.2d 274, 276 (D.D.C. 2002). In a Title VII claim a court should be mindful that the statutory scheme behind Title VII cases indicates that venue properly

lies in those jurisdictions concerned with the alleged discrimination. Stebbins v. State Farm Mutual Automobile Insurance Co., 413 F.2d 1100, 1102-03 (D.C.Cir. 1969), *cert. denied,* 396 U.S. 895 (1969).

In the present case alleging Title VII discrimination venue is governed by 42 U.S.C. § 2000e-5(f). 42 U.S.C. § 2000e-5(f) limits venue to the location of the acts, records, or positions on which the complaint is based, if the defendants can be found there. 42 U.S.C. § 2000e-5(f)(3) provides:

> [A Title VII] action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

Under this provision, a Title VII plaintiff must bring an employment discrimination complaint in one of the judicial districts identified under the first three options if the respondent can be "found" in that district. Only if the respondent cannot be found in any such district may the plaintiff file suit within the district in which the respondent has its principal office. See Shipkovitz v. Mosbacher, 1991 WL 251864 (D.D.C. 1991), aff'd, 1992 WL 394489 (D.C. Cir. 1992) (a plaintiff may file in district where defendants make its headquarters if he cannot file where actions occurred, where records are kept, or where he would have worked). As the Court has explained, Congress intended to limit venue in Title VII cases to those jurisdictions concerned with the alleged discrimination, and the venue determination must be based on a "commonsense appraisal" of how the events in question arose. Spencer v. Rumsfeld, 209

4

F.Supp.2d. 15, 17-19 (D.D.C. 2002); see also Stebbins v. State Farm Mutual Auto., Ins. Co., 413 F. 2d 1100, 1102 (D.C. Cir. 1969), cert. denied, 396 U.S. 895 (1969); Hayes v. RCA Service Co., 546 F. Supp. 661, 663 (D.D.C. 1982).

### B.  Venue Is Improper in the District of Columbia.

Venue in the District of Columbia (or any other judicial district except the Eastern District of Virginia) is improper under the statutory standard enumerated above.  First, Plaintiff makes no allegations that any of the alleged employment actions took place in the District of Columbia.  In fact, all of the conduct alleged –and Plaintiff's place of employment – is in the Federal Republic of Germany. (Motion to Transfer, Ex 1);(EEOC Decision, Ex. 3.)  Plaintiff does not allege that any government records were maintained in the District of Columbia and Defendant maintains that none of his employment records were maintained in the District of Columbia.  Plaintiff's Complaint is silent as to the location of the Army's employment records.  However, an affidavit from the U.S. Army Equal Employment Manager for Heidelberg, Germany, states that Plainitff's records are maintained in the Federal Republic of Germany (Affidavit of Bonnie Ballard, Ex. 5.)  Third, Plaintiff presents no factual support nor makes any assertions that his place of employment, but for the alleged unlawful acts, would be in the District of Columbia.  To the contrary, Plaintiff  worked for the U.S. Army in the Federal Republic of Germany since 2005. (Ex 3 at 3.)  At the time of his Motion to Transfer, Plaintiff was still living in the Federal Republic of Germany (Motion to Transfer, Ex. 1 at 1.) There is no allegation that, but for unlawful discrimination, Plaintiff would have been employed anywhere within the District of Columbia.  Thus, under Title VII's venue provisions, no basis exists to contend that venue is proper in the District of Columbia.

42 U.S.C. § 2000e-5(f)(3) provides "if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." The principal office of the Secretary of the Army is in the Pentagon, which is located in Arlington, Virginia, not in the District of Columbia, (notwithstanding a Washington, D.C. mailing address). See Saran v. Harvey, 2005 U.S. Dist. LEXIS 8908 (D.D.C. 2005); Brewer v. Eng., 2003 U.S. Dist. LEXIS 17276 (D.D.C. 2003) (citing Monk v. Secretary of the Navy, 793 F.2d 364, 369, n.1 (D.C. Cir. 1986)); Donnell v. National Guard Bureau, 568 F. Supp. 93, 94-95 (D.D.C. 1983). Where a plaintiff has filed an action in the wrong venue, 28 U.S.C. § 1406(a) directs that the court "shall dismiss, or if it be in the interest of justice, transfer such case" to the proper venue.

**C.    Defendant Has Not Waived its Challenge to Venue**

This Circuit has held that the defense of improper venue can be waived unless the defense is asserted by a pre-answer motion, a responsive pleading, or a timely amendment thereto. See Chatman-Bey v. Thornburgh, 864 F.2d 804, 813 (D.C. Cir. 1988) citing Fed. R. Civ. P. 12(h)(1); C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 1388 (1969). For purposes of Title VII, this Court has held that the Government does not waive the right to challenge venue where a motion for change of venue is filed in lieu of an answer. In Turbeville v. Casey, 525 F. Supp. 1070, (D.D.C. 1981), this Court stated "defendants have raised the issue of improper venue timely, by filing a motion to dismiss or to transfer on that ground in lieu of an answer. As such, defendants have not waived their right to challenge the venue of this action." Turbeville, 525 F. Supp. at 1072 .  Similarly, in this instance Defendant has properly challenged venue by filing this motion to dismiss in lieu of an answer. See also Brumley v. Dole, 1994 U.S.

Dist. LEXIS 21569 (E.D. Ark. Oct. 14, 1994) (avoiding concerns about sovereign immunity by transferring venue even though "defendants have not challenged venue in this case and therefore have waived any objection to venue, [because] venue is improper for plaintiff's Title VII claim.").

The procedural history of this case is complicated by the fact that Plaintiff's Complaint does not set forth where the alleged unlawful employment practice was committed, where the relevant employment records were maintained, or where the aggrieved person would have worked but for the alleged discrimination. (Compl.) It is further complicated because Plaintiff moved to "transfer" his case to this Court because he "was misinformed about whether he could file his complaints in . . . the district of columbia." (Motion to Transfer, Ex. 1, at 1.) Plaintiff made this motion to transfer his own complaint before Defendant's answer was due and before Defendant in fact filed an answer. (EDVA Docket Report, Ex. 2.). Accordingly, the District Court for the Eastern District of Virginia had no evidence indicating that Plaintiff's transfer request to the District of Columbia was improper when it issued the order granting Plaintiff's change of venue before Defendant filed its responsive pleading. Only after reading the exhibits accompanying this motion in lieu of Defendant's answer does it become clear that the only possible venue for Plaintiff's case is the Eastern District of Virginia, a location where Plaintiff initially filed his Complaint. and then alleged he could not maintain his suit. (Motion to Transfer, Ex. 1, at 1.) Plaintiff's Title VII claims arising from his employment in Germany must be re-transferred to the Eastern District of Virginia, or it should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant Defendant's Motion and dismiss Plaintiff's Complaint or re-transfer it to the Eastern District of Virginia.

Respectfully submitted,

_____/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s_____
RUDOLPH CONTRERAS D.C. Bar # 434122
Assistant United States Attorney


_____/s_____
BRIAN C. BALDRATE
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895

Of Counsel:
Captain Dan E. Stigall
U.S. Army Litigation Division
Arlington, VA 22203-1837

**CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the foregoing has been served by First-Class mail, postage prepaid to:

NATHAN STURDIVANT
CMR 467
P.O. Box 5827
No. 49-1752881059
APO, AE 09096

on this _____ day of March, 2008.

                                             /s
                                    BRIAN C. BALDRATE
                                    Special Assistant United States Attorney
                                    Civil Division
                                    555 Fourth St., N.W.
                                    Washington, D.C. 20530
                                    202-353-9895