UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NATHAN J. STURDIVANT,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 08-00063 (EGS) |
| **PETE GEREN**<br>**Secretary of the Army,** | ) |
| **Defendant.** | ) |

**REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO TRANSFER**

In his Response to Defendant's Motion to Dismiss or, in the alternative, Motion to Transfer, Plaintiff fails to demonstrate – or even allege – a proper basis for venue in the District of Columbia for his Title VII action.  The District of Columbia is not the judicial district in which the unlawful employment practice is alleged to have been committed; it is not a judicial district in which the employment records relevant to the allegations are maintained and administered; nor is it the judicial district in which Plaintiff would have worked but for the alleged unlawful employment practice.  Lastly, it is not where the Defendant's principal office is located.  Accordingly, Plaintiff's Complaint should be dismissed or, in the alternative, transferred to the Eastern District of Virginia.

### I. PLAINTIFF HAS NO STATUTORY BASIS FOR VENUE IN THE DISTRICT OF COLUMBIA.

Pursuant to Title VII's venue provisions, venue is only proper:  (1) in any judicial district in the state in which the unlawful employment practice is alleged to have been committed; (2) in the judicial district in which the employment records relevant to such a practice are maintained and administered; or (3) in the judicial district in which the aggrieved person would have worked

but for the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(f)(3); Stebbins v. State Farm Mutual Automobile Insurance Co., 413 F.2d 1100, 1102-03 (D.C. Cir. 1969) (affirming dismissal of a case for improper venue under Title VII); *see also* Jackson-Spells v. Rumsfeld, 457 F. Supp. 2d 39 (D.D.C. 2006).

    Should this Court find that transfer, rather than dismissal, is proper, Plaintiff's Title VII claims arising in the Federal Republic of Germany can be brought in the Eastern District of Virginia. Venue would lie in the Eastern District of Virginia because the Secretary of the Army's principal office is in the Pentagon, which is located in Arlington, Virginia. *See* Foxx v. Dalton, 46 F. Supp. 2d 1268 (M.D. Fla. 1999) (holding proper venue for a case arising in Panama is the Defendant's principal place of business, the Pentagon, which is located in the Eastern District of Virginia); Donnell v. National Guard Bureau, 568 F. Supp. 93, 94-95 (D.D.C. 1983) (holding the Pentagon is located in Arlington, Virginia for purposes of determining venue).

    In his response to Defendant's motion, Plaintiff confirms that all the conduct in question took place in the Federal Republic of Germany. Plaintiff, however, gives no reason why venue is proper in the District of Columbia other than mere convenience. Plaintiff states, "I recently relocated home to the U.S. after almost six years in Germany. The reason for having the case transferred to the District Court for the District of Columbia had more with having proximity to resources." Plaintiff's Response, pg. 1. Convenience to Plaintiff and "proximity to resources," however, are not permissible bases for venue under Title VII.

    Even though Plaintiff's convenience is not a basis for venue in this case, it is worth noting that the proper venue in this case is not very distant from the District of Columbia. In

fact, the Eastern District of Virginia is immediately adjacent to the District of Columbia and is even served by the same metro service. Transfer of the case to the Eastern District of Virginia, therefore, would not pose a great hardship on Plaintiff.

28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district in which it could have been brought." Plaintiff in this case has failed to allege a proper basis for venue in the District of Columbia. Accordingly, Plaintiff's Complaint should be dismissed or, in the alternative, transferred to the Eastern District of Virginia.

## II.  CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that this Court enter judgment in favor of the Defendant.

Respectfully submitted,

/s
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s
RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney

/s
LANNY J. ACOSTA, JR.
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895

OF COUNSEL:
Captain Dan E. Stigall
Trial Attorney
U.S. Army Litigation Division
901 N. Stuart Street
Arlington, VA 22203-1837

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served by First-Class Mail, postage prepaid to:

**NATHAN STURDIVANT**
P.O. Box 133
Watertown, NY 13601

on this _____ day of July, 2008.

_____/s/_____
LANNY J. ACOSTA, JR.
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C.  20530
202-353-9895  / FAX 202-514-8780